UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL ALFREDO SILVA-ISAIS,<br><br>Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | 1:11-cr-00178-LJO<br><br>**ORDER ON 28 U.S.C. § 2255 MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE**<br>(Doc. 15) |

## I. INTRODUCTION

Samuel Alfredo Silva-Isais ("Mr. Silva-Isais") is a prisoner in federal custody proceeding pro se.  Now before the Court is his 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence.  For the reasons discussed below, this Court DISMISSES Mr. Silva-Isais' motion as untimely.

## II. BACKGROUND

Mr. Silva-Isais pled guilty to being a deported alien found in the United States and received a 37 month sentence.  The judgment was entered on August 11, 2011.  Two years later, on December 19, 2013, Mr. Silva-Isais filed a notice of appeal and the instant § 2255 motion.

In his § 2255 motion, he raises four ineffective assistance of counsel claims.  He contends that he received ineffective assistance of counsel when counsel: (1) failed to object to an unsupported allegation in his presentence report; (2) failed to advise him of his *Boykin* rights;[1] (3) failed to ensure an adequate factual basis for his guilty plea; and (4) failed to file a timely notice of appeal.

## III. DISCUSSION

---
[1] *Boykin v. Alabama*, 395 U.S. 238 (1969).

1

**A. Collateral Motion during Pendency of Direct Appeal**

Generally, "[a] district court should not entertain a habeas corpus petition while there is an appeal pending." *Feldman v. Henman*, 815 F.2d 1318, 1320 (9th Cir. 1987). "The reason for this rule is that disposition of the appeal may render the habeas corpus writ unnecessary." *Id.* (internal quotation marks omitted). However, this rule is not a jurisdictional impediment. *United States v. Taylor*, 648 F.2d 565, 572 (9th Cir. 1981). Thus, a district court "may entertain a collateral motion during the pendency of a direct appeal if 'extraordinary circumstances' outweigh the considerations of administrative convenience and judicial economy." *Id.*

The Court finds that such circumstances exist in this case because both Mr. Silva-Isais' notice of appeal and § 2255 motion are untimely. *See infra.* Accordingly, there is no danger of conflicting decisions. In addition, taking administrative convenience and judicial economy into consideration, it is more efficient to dismiss Mr. Silva-Isais' motion now rather than create another round of briefing by dismissing it without prejudice only for him to refile his untimely motion after the Ninth Circuit decides his appeal.

**B. Timeliness**

Under AEDPA,[2] federal prisoners have one year to file a § 2255 motion. *See* 28 U.S.C. § 2255(f). The limitation period runs from the latest of the following:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United states is removed, if the movant was prevented from making a motion by such governmental action; . . . or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

"The Supreme Court has held that a conviction is final in the context of habeas review when a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied." *United States v. Schwartz*, 274 F.3d 1220, 1223 (9th Cir. 2001) (internal quotation marks omitted). If the movant does not pursue a

---

[2] Antiterrorism and Effective Death Penalty Act of 1996.

1    direct appeal, the date on which a judgment of conviction becomes final is the date on which the time

2    to file an appeal expires.  *Id.*  In a criminal case, a defendant's notice of appeal must be filed within

3    fourteen days of the entry of judgment.  FED. R. APP. P. 4(b)(1)(A)(i).

4              Mr. Silva-Isais did not pursue his direct appeal until over two years after the entry of

5    judgment.[3]  His untimely notice of appeal cannot be used to toll AEDPA's one year statute of

6    limitations because to do so would undermine the statute of limitations.  See *Randle v. Crawford*, 604

7    F.3d 1047, 1054-55 (9th Cir. 2010) ("If the one-year limitations period were made contingent on the

8    resolution of a petitioner's attempt to file an untimely notice of appeal, a petitioner could indefinitely

9    delay the commencement of the one-year period by simply waiting to file such notice until after the

10   normal expiration date.  Sanctioning this procedure would undermine the statute of limitations for

11   federal habeas petitions."); *see also United States v. Buckles*, 647 F.3d 883, 889 (9th Cir. 2011)

12   (applying the reasoning of *Randle* to an untimely filed petition for certiorari in a case involving a

13   federal prisoner who filed an untimely § 2255 motion).  Thus, Mr. Silva-Isais' judgment of conviction

14   became final on August 25, 2011, fourteen days after the judgment was entered, and he had until

15   August 25, 2012, to file his § 2255 motion.  Mr. Silva-Isais placed his motion in the prison mailing

16   system on December 19, 2013, over a year late.

17             Mr. Silva-Isais argues that his motion is not time barred because he was prevented from filing

18   his motion due to his counsel's failure to file a timely notice of appeal.  He further explains that he was

19   unaware of counsel's failure until September 7, 2013, the date he reviewed the docket.  He contends

20   that the one year limitations period should run from "the date on which prevented him from making his

21   motion or the date on which the facts supporting the claims presented were discovered through the

22   exercise of due diligence."  (Doc. 15, p. 12).

23             To the extent Mr. Silva-Isais attempts to rely on 28 U.S.C. § 2255(f)(2), the subsection does not

24   apply here.  Mr. Silva-Isais argues that he was prevented from "making his motion" due to his

25   counsel's conduct.  § 2255(f)(2) applies to situations in which the movant was prevented from making

26   a motion due to governmental action.  *Id.*  Thus, § 2255(f)(2) does not apply.

27

28   _____
     [3] The judgment was entered on August 11, 2011.  Mr. Silva-Isais filed his notice of appeal on December 19, 2013.

Mr. Silva-Isais' attempt to rely on § 2255(f)(4) is also unavailing.  § 2255(f)(4) provides that the limitation period shall run from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." *Id*.  Mr. Silva-Isais contends that the one year limitations period should run from September 7, 2013, the date he realized counsel failed to file a notice of appeal.  Mr. Silva-Isais explains that he acted diligently because he contacted his attorney several times regarding his appeal but received no response.  He then contacted the Clerk of this Court and learned through his docket sheet that counsel never filed a notice of appeal.

Mr. Silva-Isais' argument is unavailing for several reasons.  To begin with, if his argument were to survive it would only apply to his fourth claim for relief, that he received ineffective assistance of counsel when counsel failed to file a timely notice of appeal.  *See* 28 U.S.C. § 2255(f)(4) (the limitation period shall run from "the date on which the facts supporting the claim . . . could have been discovered . . .").  In addition, Mr. Silva-Isais did not act diligently.  Although he contacted his attorney about his appeal on several occasions it took him over two years to request his docket sheet from the Clerk of this Court and he does not allege any facts to show that he was prevented from contacting the Clerk earlier.  Accordingly, § 2255(f)(4) does not apply and Mr. Silva-Isais' § 2255 motion is untimely.

**C. Equitable Tolling**

Mr. Silva-Isais contends that he is entitled to equitable tolling.  "A § 2255 movant is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.  The movant must show that the extraordinary circumstances were the cause of his untimeliness."  *Buckles*, 647 F.3d at 889 (internal quotation marks and citations omitted).

Mr. Silva-Isais argues that he is entitled to equitable tolling because he acted with due diligence by attempting to contact counsel regarding his notice of appeal.  As discussed above, Mr. Silva-Isais did not act diligently regarding the filing of his notice of appeal.  In addition, his counsel's alleged failure to file a notice of appeal did not prevent him from filing a timely § 2255 motion.  Counsel's alleged failure to perfect an appeal simply meant that Mr. Silva-Isais had one year from the expiration of his time to file a notice of appeal to file his § 2255 motion.  Counsel's alleged failure to act did not

1   prevent Mr. Silva-Isais from filing his motion.  *Randle*, 604 F.3d at 1058.  Thus, Mr. Silva-Isais fails to

2   show that he is entitled to equitable tolling.

3   **D. Certificate of Appealability**

4       The Court finds that Mr. Silva-Isais has not made a substantial showing of the denial of a

5   constitutional right.  28 U.S.C. § 2253(c)(2).  This Court further finds that reasonable jurists would not

6   find this Court's assessment of this case debatable or wrong.  *Slack v. McDaniel*, 529 U.S. 473, 483

7   (2000).  Accordingly, this Court DECLINES to issue a certificate of appealability.

8                            **IV. CONCLUSION AND ORDER**

9       For the reasons discussed above, this Court:

10          1.  DISMISSES Mr. Silva-Isais' § 2255 motion as untimely and

11          2.  DECLINES to issue a certificate of appealability.

12          3.  The Clerk is directed to close case no. 1:13-cv-02098-LJO.

13

14  IT IS SO ORDERED.

15      Dated: **January 6, 2014**                    **/s/Lawrence J. O'Neill**
                                                        UNITED STATES DISTRICT JUDGE
16

17

18

19

20

21

22

23

24

25

26

27

28